# UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

Michael Earl Beasley,
Inmate # P20997.
(Enter full name of Plaintiff)

vs.

Case No.: 3:21cv543-LC-HTC
(To be assigned by Clerk)

Off. Karissa C. Morales #195
Official & Individual compacity
Sgt. Harnett # 060,
Official & Individual compacity
Investigating off. John Doe.
(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)
Official & Individual compacity
Cheif of Police (John Doe)
Official & Individual compacity
STATE ATTORNEY (PROSECUTOR) DIV:A (Jane Doe)
Official & Individual compacity

PENSACOLA POLICE DEPARTMENT
WEAR 3 NEWS

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 3/28/21 for mailing.

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES

FILED USDC FLND PN
MAR 31 '21 PM 2:33
BR

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of plaintiff: Michael Earl Beasley
Inmate Number: P20997
Prison or Jail: Blackwater River Corr. Facility
Mailing address: 5914 Jeff Ates Rd.
Milton Florida, 32583

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: Off. Karissa C. Morales #195
Official position: Officer
Employed at: Pensacola Police Department
Mailing address: 711 N. Haynes Street
Pensacola Fl, 32501

(2) Defendant's name: Sgt. Harnett #060
Official position: Sergent
Employed at: Pensacola Police Department
Mailing address: 711 N. Haynes Street
Pensacola Fl, 32501

(3) Defendant's name: Investigating off. John Doe
Official position: Investigator
Employed at: 711 N. Haynes Street (PPD)
Mailing address: Pensacola Fl, 32501

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

II. Defendants (continued)

(4) Defendant's name: Cheif of Police (John Doe)
    Official Position: Cheif of Police
    Employed at: Pensacola Police Department
                 711 N. Haynes Street
                 Pensacola Florida 32501

(5) Defendant's name: PENSACOLA POLICE DEPARTMENT
    Official Position: Head Quarters
    Employed at: 711 N. Haynes Street (PPD)
                 Pensacola Florida, 32501

(6) Defendants name: WEAR 3 NEWS (John Doe)
    Official Position: News Reporter Broad caster
    Employed at: News Station
                 4900 Mobile Hwy
                 Pensacola Fl, 32505

(7) Defendant name: Asst. State. Atty. (Jane Doe)
    Official Position: Asst. State. Atty.
    Employed at: M.C. Blanchard Judicial Bldg.
                 190 W. Government St.
                 Pensacola Fl, 32501-02

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

**III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

**A.   DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

Yes ( )          No (✓)

[If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

**1.   Information Grievance**

a.   Did you submit an informal grievance?

Yes ( )          No (✓)

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.   In not, why? _____

**2.   Formal Grievance**

a.   Did you submit a formal grievance?

Yes ( )          No (✓)

❖ If so, you must attach a copy of the grievance and response; exhibit ____.

b.   In not, why? _____

**3.   Appeal to the Office of the Secretary**

a.   Did you submit an appeal to the Office of the Secretary?

Yes ( )          No (✓)

❖ If so, you must attach a copy of the appeal and response; exhibit ____.

b.   In not, why? _____

4.  **Disciplinary Actions**

a.  Did you have a disciplinary hearing concerning this matter?

   Yes ( )        No (✓)

   ❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit ____.

b.  Did you lose gaintime as a result of the disciplinary hearing?

   Yes ( )        No (✓)

c.  Has the gaintime since been restored?

   Yes ( )        No (✓)

B.  **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

   Yes ( )        No (✓)

   [If your answer is NO, proceed to Section IV of the complaint form.
   If your answer is YES, answer the following questions.]

1.  Is there a grievance procedure at your institution or jail?

   Yes ( )        No ( )

   [If your answer is NO, proceed to Section IV of the complaint form. If your Answer is YES, answer all of the following questions in this subsection.]

2.  Did you submit a grievance concerning the facts relating to your complaint?

   Yes ( )        No (✓) (N/A)

3.  If your answer is YES:

   a.  What steps did you take? _____

   b.  What were the results? _____

   ❖ If so, you must attach a copy of the grievance and response; exhibit ____.

4.  If your answer is NO< explain why not: _____

_____

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

**IV.    PREVIOUS LAWSUITS**

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?

Yes ( )         No (✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. Name of judge: _____ Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list other state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes ( )         No (✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____ Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes ( )         No (✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:

    a. Plaintiff(s): _____

    b. Defendant(s): _____

2. District and judicial division: _____

3. Name of judge: _____

4. Approximate filing date: _____

5. If not still pending, date of dismissal: _____

6. Reason for dismissal: _____

7. Facts and claims of case: _____

   _____

   **(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes ( )         No (✓)

1. Parties to previous action:

    a. Plaintiff(s): _____

    b. Defendant(s): _____

2. District and judicial division: _____

3. Name of judge: _____ Case Docket #: _____

4. Approximate filing date: _____ Dismissal date: _____

5. Reason for dismissal: _____

6. Facts and claims of case: _____

   _____

   **(Attach additional pages as necessary to list cases.)**

V.  **STATEMENT OF FACTS:**

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dated, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.**)

8.) On Feb 17, 2018, Off. Karissa C. Morales #195, was on routine patrol at 2:05 a.m. in her marked patrol car, in area of Torres Ave, where she observed a vehicle driving slowly. Off. Morales #195 decided to get behind the vehicle and run the tag "Y53MJC", through FCIC/NICJ. revealed the tag belonged to a boat-trailer. Then she advised dispatch, dispatch confirmed. address in Milton Florida.

9) On Feb 17, 2018 that happened was recorded by her in car camera. The assailant was not apprehended this day, for the incident.

10.) On Mar 13, 2018 a follow up a 1717 hours was conducted at 2805 N. 6th Ave Pensacola Fl, 32503, where the incident occurred, about the incident from Feb 17, 2018. Off. Karissa C. Morales made contact with Robert L. Pearson DOB: 5/27/49; and Patricia A. Hicks (plaintiff's mother now Deceased) Sunrise: 11/8/63; Sunset: 10/26/19; and questioned "Pearson" about the vehicle: he stated that it did not sound familiar and he had a grandson. Then questioned "Hicks"; she stated that she did not know anyone that matched the description but she had a son he does not own a vehicle nor does he drive. Hicks advised her sons name Michael Earl Beasley. Immediately she advised/contacted Sgt. Harnett #060 stating she had the name of a potential suspect

matching the description of the male on the stop. Sgt. Harnett prepared a Photo line-up. After veiwing the line-up Off. Morales #195 (allegedly) identified Beasley as the suspect.

11.) On April _, 2018, petitioner aforementioned was arrested by PPD at "Sanders Beach" on charges unrelated to the Feb 17, 2018 incident. After serving 10 days was released from Esc. County Jail.

12) On May 2, 18, petitioner recieved a call from his mother aforementioned, stating that the PPD (Pensacola Police Dept) were at her house (4) four cars deep searching for me about the incident on Feb 17, 2018, stating that they would be back until they caught up with me. My mother gave me Off. John Doe # Number to call, I called the # from cell # 850-346-9847 (Simple-mobile) at the time and talked to Off. John Doe for a while and he stated that I need to come in and talk so we could clear up this matter, because some allegations in the complaint didn't make sense. I advised the Off. (John Doe) Whatever he had to speak to me about could be done over the phone. I then advised the Off. I would sue if he violated my Due Process. I did not go to the PPD that day.

13) On May 6, 2018, I had my mother P.A.H. (Now deceased) Sunrise: 11/8/63; Sunset 10/26/19; take me to the PPD to talk to investigator because everyday the Officers involved were harassing my mother at her home 2805 N. 6th Ave Pensacola FL 32503, wanting to search the house. At the PPD I was arrested and never got to speak

to the investigator. Officer that arrested me said he was allowed to use deception to get me to come in and make an arrest. I was transported to the Escambia County Jail and booked on charges: 1. Flee/Elude police; F3; Bond: $10,000; 2). Attach registration License Plate not Assigned; m2; Bond: $1,000.00; 3.) Battery on Officer: Firefighter, EMT. F-3; Bond: $10,000, and 4 Resist Arrest w/violence; F3; Bond: $10,000. Amount total $31,000.00, given arrest report and housed in Esc. County Jail until brought to trial for an injustice done to me.

14.) Additionally, the March 13, 2019 interview with my mother cause the Officer Karissa C. Morales #195 to misidentify and funnel false identification, false accusations; for display on WEAR 3 News to False Arrest plaintiff for the aforemention charges. of this negligent arrest.

15.) Petitioner was Acquitted of all charges after serving 57 day in the Escambia County Jail Pensacola Florida, where the case was litigated by Prosecutor for Divison "A", of the STATE ATTORNEY OFFICE of WILLIAM "BILL" EDDINS, located at; 190 Governmental Center. Pensacola Florida, 32501-02. Obiviously the off. Karissa C. Morales #195, in Car Camera viddo was NOT the Petitioner, Michael Earl Beasley. The Suspect of these Crimes, is still at-large.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Negligence claim 8 & 9 - 14th Amend. Due Process; Negligence claim 10 - Criminal/Oral Defamation, False Arrest; Official misconduct - 4th, 5th, 8th, 14th; Negligence claim 11 - 14th Amen. Due Process; Negligence, False Arrest/Imprisonment; Official Misconduct; Criminal/Oral Defamation; Emotional Distress Claim 12 - 4th, 5th, 8th; 14th Amend. Negligence Claim; Oral/Criminal Defamation Emotional Distress; Official misconduct; False Arrest/Imprisonment/Report - Claim 13 - 4th, 5th, 8th, 14th. Negligence, False Arrest/Report/Imprisonment; Official Misconduct; Emotional Distress; Criminal/Oral Defamation; Death (Reprisal) Claim 14 & 15 - 4th, 5th, 8th, 14th Amend.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

Plaintiff respectfully request and prays that this court enters Judgement granting Plaintiff compensation damages in the amount of $5.7 million dollars. Collectively against defendants & individually; Punitive damages in the amount of $100,000 dollars against each defendant individually. A jury on all issues triable by jury. Plaintiff's Cost in suit, and additional relief the court deems just and proper and equitable.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

03-29-2021
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

**I DECLARE** (certify, verify, or affirm) under penalty of perjury that this complaint was (check one):

☑ delivered to prison officials for mailing; or ☐ deposited in the prison's internal mail system on:

This 29th day of March, 2021.

_____
(Signature of Plaintiff)

Michael E. Beasley DC# P20997 Y2-1117L
Blackwater River Correctional Rehabilitation Facility
5914 Jeff Ates Rd
Milton Fl, 32583

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 3/29/21 for mailing. JW/
Initials

UNITED STATES DISTRICT COURT NORTHERN
DISTRICT PENSACOLA DIVISION
100 N. PALAFOX STREET
PENSACOLA FLORIDA, 32502

CHECKED MAR 31 2021

